JAMES H. OLSON, District Attorney, Dodge County
You have inquired whether under sec. 56.08 (4), Stats., when a prisoner is gainfully employed and subject to the "Huber Law" rules, he may be charged for his lodging in the county jail.
The statute presently reads, in pertinent part:
"56.08 (4) Every prisoner gainfully employed shall be liable for charges not to exceed the full per capita maintenance and cost of his board in the jail as fixed by the county board after passage of an appropriate county ordinance." *Page 293 
Prior to the amendment of sec. 56.08, Stats., in 1969, and again in 1971, there was an absolute want of authority for the sheriff to assess a Huber Law prisoner for the cost of his lodging. See 53 OAG 30 (1964). However, ch. 492, Laws of 1969, added the language "full per capita maintenance" to sub. (4). The 1971 Legislature pursuant to ch. 92, Laws of 1971, added the "charges not to exceed" and "after passage of an appropriate county ordinance" provisions. The answer to your question turns upon the effect of those amendments.
The 1969 amendment adding the "full per capita maintenance" language presumably expresses a legislative intent that prisoners may be held "liable" for such costs of per capita maintenance. Presently, in light of the 1971 amendment, such liability can attach only after the county board has passed an "appropriate ordinance."
Unfortunately, however, even though sub. (4) seemingly fixes a liability upon the prisoner for his per capita maintenance while residing at the jail under the Huber Law, sub. (5) does not provide for the satisfaction of that liability out of his Huber Law earnings.
Subsection (5) explicitly states that:
"(5) By order of the court, the wages or salaries of employed prisoners shall be disbursed by the sheriff for the followingpurposes, in the order stated:
"(a) The board of the prisoner;
"(b) Necessary travel expense to and from work and other incidental expenses of the prisoner;
"(c) Support of the prisoner's dependents, if any;
"(d) Payment, either in full or ratably, of the prisoner's obligations acknowledged by him in writing or which have been reduced to judgment;
"(e) The balance, if any, to the prisoner upon his discharge." (Emphasis added) *Page 294 
Nothing is said regarding the prisoner's "per capita maintenance" in the list of priorities. In fact, after the first four priorities have been satisfied, the sheriff must pay over to the prisoner the balance of his earnings upon his discharge. Therefore, the prisoner's lodging expenses cannot be satisfied out of his Huber Law earnings.
If a county enacts an appropriate ordinance attaching liability for lodging to Huber Law prisoners, such liability may be satisfied only pursuant to a court judgment. Moreover, this judgment may not be executed upon a prisoner's Huber Law earnings while he is confined in jail. The execution of judgment would have to proceed in accordance with ch. 272, Stats., and the property exemptions provided for in sec. 272.18, Stats., would be fully applicable.
For the vast majority of Huber Law prisoners, the imposition of "per capita maintenance" as a liability in sub. (4) will be of no consequence, since there is no provision in sub. (5) for the collection of those expenses out of his Huber Law earnings.
RWW:MRK